## CARSON COLEMAN v. THE STATE.

### No. 496.    Decided March 9, 1910.

**1.—Carrying Knucks—Like Offense—Witness—Newly Discovered Evidence.**

Where, upon trial for unlawfully carrying knuckles made of metal, defendant's contention was, on appeal, that he had been deprived of the testimony of a codefendant who had been acquitted of a like offense, and it appeared from the record that said person had not been jointly indicted with the defendant and was not charged with the same offense, and that said person was in the courtroom during the trial and not used as a witness by the defendant, there was no ground for new trial. Neither was such testimony newly discovered evidence.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial for unlawfully carrying knuckles, the evidence supported the conviction, there was no error.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of unlawfully carrying knuckles; penalty, ninety days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 9th day of October, 1909, an information was filed in the County Court of Gregg County, Texas, charging

that appellant did on the 30th day of September, of the same year, in the county aforesaid unlawfully carry on and about his person knuckles made of metal. At a trial had on the 11th day of October thereafter appellant was found guilty as charged, and his punishment assessed at confinement in the county jail for a period of ninety days.

1. A motion for new trial raises two questions. One is to the effect, in substance, that he was deprived of the testimony of one Pars Jackson, who at the time of the trial stood charged with a like offense in said court, and at the same time and place; that thereafter Jackson was tried, and, on practically the same evidence, acquitted, and the same matter is further presented under the theory that the evidence of Jackson was newly discovered. The testimony of Jackson is set out in the motion, and it appears that same would have been material and would have tended to show that appellant was not guilty. All of these matters are fully set out in the bill of exceptions taken to the action of the court in overruling the motion for new trial. The court in allowing the bill does so with the explanation that the State, through her county attorney, controverted each and every ground of defendant's motion for new trial; and further states that appellant was not deprived of the testimony of Jackson in any manner whatever by the court; that said Jackson sat in the courtroom near defendant and his counsel all during the trial, but was never offered or attempted to be offered as a witness in the case, the court stating "defendant evidently assuming said witness to be disqualified as a witness, because he was under indictment charged with a *like offense.* Not jointly indicted nor for the same offense." The record shows by practically every witness who testified that Jackson was present at the time appellant is charged with carrying the knuckles, and very close to him, and under such circumstances as to carry convincing knowledge of the fact to appellant of Jackson's presence and of his probable knowledge of whatever facts he, in the nature of things, could have known. We think, in the first place, the witness was not disqualified to testify for appellant, and it is evident that in no sense could the testimony be said to be newly discovered.

2. There is abundant evidence in the record to support the conviction. More than one witness who was in the immediate presence of appellant at the time testified positively that he did have knuckles on the occasion in question, which, by the way, was at a negro church, at which, on the occasion in question, there seems to have been a pretty general fight. Whatever the truth may be, there was testimony evidently justifying, if believed, appellant's conviction. In this state of the record we would not be authorized to interfere, and it follows that the conviction should be as it is in all things affirmed.

*Affirmed.*